UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IGOR MALENKO, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 2:12-cv-49-GZS |
| | ) |
| STEPHANIE ANDERSON, as District | ) |
| Attorney for Cumberland County, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 11). The Court DENIES Plaintiffs' Motion because it is futile.

**I.  LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Accordingly, leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility…." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009). If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, "futility" is gauged by the criteria of Rule 12(b)(6). See Hatch v. Dept. for Children Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  In considering the merits of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor.  Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009).  The Court must examine the factual content of the complaint and determine whether those facts support a reasonable inference "that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.  The complaint must "contain sufficient factual matter … to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. 678 (quoting Twombly, 555 U.S. at 570) (internal quotations omitted).  The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (internal citations omitted).

## II.   DISCUSSION

On February 14, 2012, Plaintiff Igor Malenko filed an Amended Complaint on behalf of himself and his minor child ("M.M.") against Defendant Cumberland County District Attorney Stephanie Anderson, alleging that Anderson violated his constitutional rights under the color of state law.  (See Amended Complaint and Demand for Jury Trial (ECF No. 5).)  On February 29, 2012, Anderson moved to dismiss the Amended Complaint, contending that she was entitled to qualified immunity and that Malenko had failed to state a claim under § 1983.  (See Motion to Dismiss (ECF No. 7).)  Less than one month after filing his Amended Complaint, Malenko learned of additional facts, which he discovered on a website maintained by his ex-wife (and

M.M.'s mother) Lori Handrahan.[1]  Shortly thereafter, on March 15, 2012, Plaintiff filed the instant motion, seeking leave to file a Second Amended Complaint, which incorporated the newly discovered facts.  Accepting as true all facts set forth in Plaintiff's proposed Second Amended Complaint for the purpose of the instant motion, the Court holds that Plaintiff's motion is futile.  As set forth in the Court's Order on Motion to Dismiss (ECF No. 14), Defendant Anderson is entitled to qualified immunity and the additional facts set forth by Plaintiff in his proposed Second Amended Complaint do not change the Court's qualified immunity analysis in any way.  The Court would also alternatively find that even with the additional facts contained in Plaintiff's Second Amended Complaint, Plaintiff still fails to state a claim under § 1983 for the reasons stated in the Court's Order on Motion to Dismiss.

### III.     CONCLUSION

For the reasons stated herein, the Court ORDERS that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 11) is DENIED.

SO ORDERED.

    /s/ George Z. Singal  
    United States District Judge

Dated this 23rd day of May, 2012.

---

[1] See the Court's Order on Motion to Dismiss (ECF. No. 14) for a discussion of Handrahan's website.